10-2663-pr
Mabry v. New York City Dep't of Corr.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the  6th day of March, two thousand twelve.

PRESENT:
> DENNIS JACOBS,
> *Chief Judge,*
> GUIDO CALABRESI,
> ROSEMARY S. POOLER,
> *Circuit Judges.*

_____

Sharon Mabry,

> *Plaintiff-Appellant,*

> v.                                                                              10-2663-pr

New York City Department of Corrections, *et al*.,

> *Defendants-Appellees.*

_____

FOR APPELLANT:              Sharon Mabry, *pro se*, Bedford Hills, NY.


FOR APPELLEES:              Andrew S. Wellin, Assistant Corporation Counsel,
                           New York, NY; Marion R. Buchbinder, Assistant Solicitor
                           General, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Rakoff, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Sharon Mabry appeals from the district court's judgment granting the defendants' summary judgment motions and dismissing her 42 U.S.C. § 1983 complaint alleging deliberate indifference to unconstitutional conditions of confinement, in violation of the Eighth and Fourteenth Amendments. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review orders granting summary judgment *de novo* and focuses on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 300 (2d Cir. 2003). The Court is required to resolve all ambiguities and draw all inferences in favor of the nonmovant; the inferences to be drawn from the underlying facts revealed in materials such as affidavits, exhibits, interrogatory answers, and depositions must be viewed in the light most favorable to the nonmoving party. *See Nationwide Life Ins. Co. v. Bankers Leasing Ass'n*, 182 F.3d 157, 160 (2d Cir. 1999). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Having conducted an independent and *de novo* review of the record in light of these principles, we affirm. The magistrate judge correctly concluded that a reasonable jury could not find by a preponderance of the evidence that Mabry actually contracted hepatitis C by any of the

2

means she had alleged. While Mabry challenged the defendants' interpretation of her medical records, the magistrate judge correctly concluded that Mabry's interpretation of her records was unwarranted, and that the unrebutted medical evidence indicated that an individual may not show symptoms of a hepatitis C infection for twenty years or more after infection. Mabry's allegations that the defendants used unsterilized equipment would, if proven, suffice to make out a *prima facie* showing of causation. But in the instant case, any such showing was negated by unrebutted evidence of other sources of hepatitis C linked to Mabry's lifestyle. We conclude, therefore, that a reasonable jury could not find that the defendants' alleged misbehavior caused Mabry's hepatitis C.

With respect to Mabry's hepatitis A and B infections, the magistrate judge properly concluded that Mabry could not establish actual or imminent harm, because her testimony and the medical evidence established that the presence of hepatitis A and B antibodies in her system was not harmful in an any way.

We have considered all of Mabry's arguments, including her arguments that the magistrate judge improperly denied her motions for the appointment of an expert witness and to add several defendants to her Second Amended Complaint, and have found them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3